**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**LEE MACKS O'DELL,**

            **Petitioner,**

                          **9:10-CV-224**
      v.                       **(FJS)**

**JAMES BOWEN,**

            **Respondent.**

---

**APPEARANCES**            **OF COUNSEL**

**LEE MACKS O'DELL
13366**
Saratoga County Jail
6010 County Farm Road
Ballston Spa, New York 12020
Petitioner *pro se*

**OFFICE OF THE NEW YORK**     **THOMAS B. LITSKY, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

**A. Proceedings in state court**

   The record reflects that, on February 6, 2009, Petitioner Lee Macks O'Dell appeared before Judge James Doern of the Saratoga Springs City Court for purposes of entering a guilty plea to a Class A misdemeanor of criminal contempt, in violation of New York Penal Law § 215.50, in satisfaction of various criminal charges that were then pending against him. *See* Dkt. No. 20-4,

Transcript of Change of Plea of Lee O'Dell dated February 6, 2009 ("Plea Tr."), at 2-5; *see also* Dkt. No. 20-5, Trial Waiver and Plea Agreement Form ("Waiver and Plea Form"), at 1.  In conjunction with that guilty plea, the court also entered an Order of Protection prohibiting Petitioner from having contact with Lisa Vance, which Order of Protection was to be in effect for a period of five years.  *See* Plea Tr. at 3; *see also* Dkt. No. 20-7, Order of Protection.  On April 17, 2009, Judge Doern sentenced Petitioner, in accordance with the terms of the plea agreement, to a term of imprisonment of one year in jail.  *See* Dkt. No. 20-6, Transcript of Sentencing of Lee O'Dell dated April 17, 2009 ("Sentencing Tr.").

On May 6, 2009, Petitioner's counsel, Andrew Blumenberg, Esq., filed a Notice of Appeal on behalf of Petitioner.  *See* Dkt. No. 20-13 ("Notice of Appeal").  By letter dated May 12, 2009, attorney Blumenberg contacted Petitioner and advised him that, although he had filed an appeal on behalf of Petitioner, Petitioner was not required to pursue that appeal.  *See* Dkt. No. 20-13, Affidavit of Andrew C. Blumenberg dated September 24, 2010 ("Blumenberg Aff."), at ¶ 12. Counsel recommended that Petitioner not pursue any appeal of the conviction because (1), if the appeal were successful, the five original charges that were addressed in Petitioner's guilty plea "would be reinstated and there was a possibility that the District Attorney would present his felony burglary charge to the Grand Jury;" and (2), if Petitioner prevailed on his appeal, he might well be forced to remain in jail past his August, 2009 release date because he might be required to await his trial on the five separate, criminal matters that would be pending against him.  *See id.* at ¶ 13. Subsequent to that letter, Petitioner advised attorney Blumenberg that he did not wish to pursue any appeal relating to his guilty plea.  *See id.*  Petitioner confirmed his intent not to pursue any appeal relating to the conviction by drafting a letter on May 12, 2009, in which he declared as follows:

-2-

> To whom it may concern. My name is Lee Macks O'Dell. My attorney Andrew C. Blumenberg has made [*sic*] a notic [*sic*] of appeal on my behalf on May 6 -09. I Lee O'Dell do not want this appeal. Please stop the appeal process and notify me at the Saratoga County Jail of the matter. Mr. Blumenberg is no longer my attorney and I do not want this appeal. Thank you.

*See* Dkt. No. 20-13, Request to Terminate Appeal.

Approximately eleven months later, on April 13, 2010, Petitioner wrote to the Office of the Public Defender of Saratoga County and inquired about possibly obtaining services from that office. *See* Blumenberg Aff. at ¶ 16. The Public Defender provided the following response to Petitioner's request:

> You will no doubt recall that on May 6, 2009 we filed a notice of appeal of this conviction on your behalf a copy of which is enclosed. You will no doubt further recall that you repeatedly insisted that you did not want to appeal this conviction. Because of your insistence that . . . you did not want to appeal, we did not send you the normal advisement with regard to perfecting an appeal. . . . [Y]ou must now write to the Hon. Jerry J. Scarano, the Saratoga County Court Judge and ask to be allowed to proceed as a poor person and in view of the fact that it has taken you almost one year to make this request, you are also going to have to ask Judge Scarano for permission for late filing / perfecting of your appeal.

*See* Dkt. No. 20-13 at 19.

A member of this Court's staff thereafter contacted the New York State Supreme Court, Appellate Division, Third Department, to ascertain whether Petitioner ever filed an application seeking permission to file a late appeal and, if so, whether the court granted that request. Mr. LaGuire of that court informed the staff member that the Appellate Division had never received a request from Petitioner for permission to file a late appeal relating to his conviction.

**B.     The current action**

Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2254 on February 23, 2010. *See* Dkt. No. 1 at 3 ("Petition"). However, because that pleading was deficient, this Court directed Petitioner to file an amended pleading if he wished to proceed with this action. *See* Dkt. No. 2. Petitioner filed his amended petition on April 15, 2010. *See* Dkt. No. 5 ("Amended Petition"). In that pleading, Petitioner asserted that he was entitled to federal habeas relief because (1) his trial counsel rendered ineffective assistance, *see* Amended Petition, Grounds One, Three; (2) the prosecutor engaged in misconduct because she negotiated a plea proposal that included a sentence that "was excessive and did not comply with state law," *see id.*, Ground Two; and (3) the County Court failed to fulfill its judicial duties when it imposed a sentence that "did not meet or comply with state law," *see id.*, Ground Four.

On September 24, 2010, Respondent filed an answer in opposition to Petitioner's pleading, *see* Dkt. No. 18, together with a memorandum of law in opposition to the amended petition, *see* Dkt. No. 19 ("Respondent's Memorandum"), and various state-court records relating to Petitioner's conviction, *see* Dkt. No. 20. In requesting that this Court deny Petitioner's petition, Respondent argued that (1) this Court lacks jurisdiction over this matter because Petitioner was not "in custody" when he commenced this action; (2) Petitioner was procedurally barred from obtaining the relief he sought as to all of his grounds for relief because Petitioner had not exhausted these claims; and (3) all of Petitioner's claims lacked merit. *See* Respondent's Memorandum.

On October 12, 2010, Petitioner filed a traverse in further support of his habeas application, together with an affidavit in support of that traverse, *see* Dkt. No. 23 (collectively, "Traverse"); and, on October 28, 2010, Petitioner requested that this Court conduct an evidentiary hearing relating to

the claims he asserted in his amended petition, *see* Dkt. No. 26.

## II. DISCUSSION

**A.  Custody requirement of habeas statute**

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person ***in custody*** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Where a petitioner is not in custody at the time he commences the habeas action, the federal district court lacks subject matter jurisdiction over the proceeding and, therefore, must dismiss the petition. *See Johnson v. Behrle*, No. 08-CV-733, 2009 WL 4639677, *3-*4 (E.D.N.Y. Dec. 7, 2009).[1] Since Respondent argues that Petitioner was not "in custody" when he commenced this proceeding, *see* Respondent's Memorandum, Point I, this Court must initially determine whether Petitioner was in custody within the meaning of 28 U.S.C. § 2254(a) when he brought this action. *E.g., Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (holding that habeas relief is unavailable through a writ of habeas corpus when a petitioner seeks to challenge a prior conviction for which he is no longer "in custody"); *Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (denying a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, because the petitioner failed to satisfy the "in custody" requirement); *see also Plato v.*

---

[1] The Third Circuit has pointedly observed that "custody is the passport to federal habeas corpus jurisdiction." *United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971).

*Morrissey*, 638 F. Supp. 2d 338, 343 (W.D.N.Y. 2009).[2]

In this case, Petitioner was placed in the Saratoga County Jail on January 9, 2009, and released from that facility, after receiving certain credits, on August 14, 2009. *See* Dkt. No. 20-12, Jail Time Certificate Relating to Lee Macks O'Dell. Petitioner conceded that he was released from jail on August 14, 2009; in his original petition, he noted that he had served the imposed sentence and had been released from jail on that date. *See* Petition at 1. He commenced this action more than six months after he was released, on February 23, 2010. *See id.* at 3. Thus, it is apparent that Petitioner was not incarcerated under the conviction and sentence that he challenges in his amended petition when he commenced this action.

However, "custody" in the context of a habeas petition is not limited to the physical confinement of the petitioner but also includes circumstances that place limitations on a person's liberty, such as those imposed on an individual who is on parole. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citations omitted); *see also Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., Cal.*, 411 U.S. 345, 351 (1973) (holding that habeas petitioner released on own recognizance pursuant to state trial court's order staying execution of sentence, but who suffered restraints on freedom of movement "'not shared by public generally,'" met "in custody" requirement (quotation omitted)). To be "in custody" for purposes of § 2254 while not incarcerated, the petitioner must demonstrate that "'the state has imposed restrictions that "significantly restrain a petitioner's liberty to do those things which in this country free men are entitled to do."'" *Corney v. Henri*, No. 9:05-CV-338, 2007 WL 1388118, *4 (N.D.N.Y. May 9, 2007) (quotation omitted).

---

[2] The Supreme Court has interpreted the custody language of § 2254 to require that the petitioner be "in custody" under the conviction or sentence that he challenges in the petition. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citation omitted).

In the present case, Petitioner has not been placed on parole; he has fully served the sentence that he challenges herein. The only restriction that has been placed on him that survived his incarceration is the Order of Protection previously discussed. However, courts that have addressed this issue have held that the restrictions imposed on individuals who must comply with the terms of restraining orders akin to the Order of Protection entered against Petitioner do not amount to a restraint of liberty significant enough to amount to "custody" for purposes of the federal habeas statute. *See Contino v. O'Mara*, No. 09-CV-062-SM, 2009 WL 1035275, *4 (D.N.H. (Apr. 16, 2009) (collecting cases), *adopted Contino v. O'Mara*, No. 09-CV-062-SM, 2009 WL 1229702 (D.N.H. Apr. 29, 2009); *Westhoff v. Moran*, No. 09-501, 2009 WL 1362630, *2-*3 (E.D. Pa. Mar. 30, 2009) (citations omitted), *adopted Westhoff v. Moran*, No. 09-501, 2009 WL 1362625 (E.D. Pa. May 13, 2009).

In light of the above, this Court finds that Petitioner was not in custody when he filed this action; and, therefore, this Court must dismiss his amended petition for lack of subject matter jurisdiction.

**B.      Alternative grounds for dismissal – exhaustion requirement of habeas statute**

Respondent alternatively argues that this Court must deny all of Petitioner's grounds for relief because Plaintiff failed to exhaust these claims. *See* Respondent's Memorandum, Points II, III.

It is well-settled that a federal district court "'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . .'" *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269

F.3d 78, 89 (2d Cir. 2001)); *see also Hill v. Mance*, 598 F. Supp. 2d 371, 375 (W.D.N.Y. 2009) (quotation omitted). This is because "'[s]tate courts, like federal courts, are obliged to enforce federal law.'" *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting [*O'Sullivan v. Boerckel*, 526 U.S. 838,] 844-45, 119 S. Ct. 1728 [(1999)]) (other citations omitted). As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999) (citations omitted); *see also Galdamez*, 394 F.3d at 72 (quotation omitted).[3]

A petitioner exhausts his state remedies in the federal habeas context by "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts); and (ii) inform[ing] that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of N.Y.,* 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276-77, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)) (other citation omitted).[4]

In the present case, it is clear that Petitioner has not fully exhausted any of the claims he raises herein; he admits in his amended pleading that he did not file any appeal of his conviction with the Third Department. *See* Amended Petition at ¶¶ 8-9.

---

[3] This exhaustion requirement "reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (quotation and other citations omitted); *see also Galdamez*, 394 F.3d at 72 (quotation omitted).

[4] "[H]abeas corpus petitioners bear the burden of demonstrating that they have fully exhausted available state remedies." *Fink v. Bennett*, 514 F. Supp. 2d 383, 388 (N.D.N.Y. 2007) (collecting cases).

When a habeas petitioner does not fully exhaust his claim, a federal court may find that there is an absence of available state remedies "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)); *see also Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).[5]

As noted, Petitioner never requested permission from the Appellate Division to file a late appeal regarding the conviction that he challenges herein. A party must file an application requesting permission to file a late criminal appeal in New York, if at all, within one year and thirty days after the sentence which the party seeks to challenge on appeal. *See* N. Y. Crim. Proc. Law ("CPL") § 460.30(1); *see also People v. Smith*, 265 A.D.2d 941, 941 (4th Dep't 1999) (citing CPL § 460.30[1])*; Jolly v. Stinson*, CV 97-2000, 1998 WL 661472, *1 (E.D.N.Y. Aug. 5, 1998) (citing [CPL] § 460.30). Petitioner therefore may not now properly file an application seeking permission to file a late appeal with the Appellate Division.[6]

Moreover, since "New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal," *Aparicio*, 269 F.3d at 91 (citing N.Y. Crim. Proc. Law § 440.10(2)(c)); *see Parker v. Ercole*, 582 F. Supp. 2d 273, 290 (N.D.N.Y. 2008) (quotation and other citation omitted), Petitioner could not now properly raise his

---

[5] Under the Antiterrorism and Effective Death Penalty Act, a federal district court may deny – but not grant – an unexhausted claim on the merits and consider the merits of any exhausted claims. *See Aparicio*, 269 F.3d at 91 n.5 (citation omitted); *Vanness v. Rock*, No. 9:08-CV-0361, 2009 WL 1870940, *6 n.10 (N.D.N.Y. June 29, 2009) (quoting *Aparicio*, 269 F.3d at 91 n.5) (other citation omitted).

[6] As noted, Petitioner was sentenced on April 17, 2009. *See* Sentencing Tr. Therefore his time within which to request permission to file an untimely appeal relating to that conviction expired on or about May 17, 2010. *See* N.Y. Crim. Proc. Law § 460.30(1).

habeas claims, which are based on matters contained in the state-court record, *see* Amended Petition, Grounds One through Four, in a motion to vacate his judgment of conviction pursuant to CPL § 440.10. *See Aparicio*, 269 F.3d at 91; *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citations omitted). Therefore, the Court deems these claims exhausted for purposes of Petitioner's habeas application. *See St. Helen v. Senkowski*, 374 F.3d 181, 183-84 (2d Cir. 2004) (citations omitted); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000) (citation omitted). Although the Court has deemed Petitioner's habeas claims exhausted, they are procedurally defaulted. *See Aparicio*, 269 F.3d at 90 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)); *see also Jones v. Woods*, No. 07 CV 1326, 2009 WL 4906882, *2 (E.D.N.Y. Dec. 18, 2009) (quotation and other citation omitted); *Ciochenda v. Artus*, No. 06 Civ. 5057, 2009 WL 1026018, *5 (S.D.N.Y. Apr. 9, 2009) (holding that unexhausted claims which petitioner can no longer pursue in state court are procedurally forfeited).

Federal courts may only consider the merits of procedurally defaulted claims where the petitioner can establish both cause for the procedural default and resulting prejudice or, alternatively, that a fundamental miscarriage of justice would occur absent federal court review.[7] *See Dixon v. Miller*, 293 F.3d 74, 80-81 (2d Cir. 2002) (quoting [*Coleman*], 501 U.S. at 750); *St. Helen*, 374 F.3d at 184 (holding that, "[i]n the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [federal courts] may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is

---

[7] A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir. 2002).

actually innocent'" (quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998))); *Parker v. Phillips*, No. 05-CV-1323, 2008 WL 4415255, *3 (E.D.N.Y. Sept. 24, 2008) (holding that federal courts may only consider procedurally barred claims where the petitioner establishes either cause for his default and prejudice therefrom, or that he is actually innocent of the crime of which he was convicted (quotations and citations omitted)).

To establish legal "cause" which would enable this Court to consider his procedurally forfeited claims, Petitioner must show that some objective, external factor impeded his ability to fully exhaust his unexhausted claims.[8] *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999) (citation omitted); *Pinero v. Greiner*, 519 F. Supp. 2d 360, 383 (S.D.N.Y. 2007) (quoting *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999)). Examples of such external factors include "'interference by officials,'" ineffective assistance of counsel, or proof that "the factual or legal basis for a claim was not reasonably available" at the time of the petitioner's default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (quotation and other citation omitted); *Ikker v. Taylor*, No. 08 CV 3301, 2008 WL 5110866, *4 (E.D.N.Y. Dec. 3, 2008) (quotation omitted).

Petitioner appears to argue that he has established cause for his failure to pursue any appeal of his conviction because his trial counsel "prevented" him from exhausting his habeas claims. *See* Dkt. No. 11, Affirmation of Lee Macks O'Dell dated May 23, 2010, at p. 1. Specifically, Petitioner claims that his defense counsel "refused" to file a Notice of Appeal on Petitioner's behalf until after

---

[8] The habeas "petitioner bears the burden of demonstrating cause for his procedural default and resulting prejudice." *Williams v. Artus*, No. 9:09-CV-0419, 2010 WL 3323671, *7 n.10 (N.D.N.Y. Aug. 20, 2010) (citing *Simpson v. Portuondo*, No. 01 CIV. 8744, 2002 WL 31045862, at *5 (S.D.N.Y. June 4, 2002)).

Petitioner had contacted the "office of professional standards," *see id.*, and argues that, although he purportedly followed the instructions that his counsel provided to him as to the procedures Petitioner was to follow to obtain poor person's status to pursue his appeal, Petitioner received no response to such application. *See id.* Petitioner further contends that attorney Blumenberg thereafter informed Petitioner that he no longer represented him, *see id.*; and, although Petitioner tried "several more times to obtain counsel" for purposes of pursuing an appeal, those efforts were unsuccessful, *see id.* at 3. He claims that the Saratoga County Clerk's Office subsequently informed him that no Notice of Appeal had ever been filed on his behalf, *see id.* at 3-4, and asserts that his attorney was "determined to keep Mr. O'Dell from pursuing the appeal," *see id.* at 4. He therefore argues that defense counsel's actions "prevented [Petitioner] from exhausting his state remedies." *See id.*

In his traverse, Petitioner additionally argues that attorney Blumenberg withdrew as Petitioner's counsel before he filed a Notice of Appeal on Petitioner's behalf and that Petitioner failed to pursue an appeal because no attorney was willing to represent him. *See* Traverse at 4.

Significant by its omission in any of Petitioner's arguments in support of his claim that the Court should excuse his failure to pursue his appeal is any mention of the fact that, **after** his attorney filed a Notice of Appeal on his behalf,[9] Petitioner specifically declared, in a "To Whom it May Concern" letter, that he did not wish to pursue the appeal of the conviction that he challenges herein. *See* Request to Terminate Appeal. Nothing in that document indicates that Petitioner's request to withdraw his appeal was based, in any way, on his alleged failure to secure counsel to

---

[9] The record belies Petitioner's claim in his traverse that his attorney withdrew from his representation of Petitioner before he filed any Notice of Appeal on Petitioner's behalf, *see* Traverse at 4. *See* Notice of Appeal.

represent him on appeal or for any reason other than his desire not to pursue an appeal of his conviction. Additionally, as noted, Petitioner never filed an application with the Appellate Division in which he sought permission to pursue a late appeal; and he is now prohibited from properly filing any application seeking such relief. Thus, the record supports the conclusion that Petitioner – not his counsel – was responsible for Petitioner's failure to appeal the conviction that he challenges herein. This Court therefore finds that Petitioner has not established cause for his failure to exhaust any of the grounds for relief he asserts herein.

Since Petitioner has failed to demonstrate cause for his failure to exhaust his habeas claims, this Court need not consider whether he has suffered the requisite prejudice because federal habeas relief is unavailable under this limited exception permitting review of procedurally forfeited claims unless the petitioner demonstrates **both** cause and prejudice. *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, No. 03-CV-0461, 2006 WL 1977435, *6 (N.D.N.Y. Mar. 21, 2006) (footnote and citations omitted); *D'Alessandro v. Fischer*, No. 01 Civ. 2551, 2005 WL 3159674, *9 n.10 (S.D.N.Y. Nov. 28, 2005) (stating that, "[a]s Petitioner has not shown cause for his default, this Court need not even reach the question of whether Petitioner can show prejudice" (citing *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985))).

The finding that Petitioner has failed to establish cause for his procedural defaults does not necessarily preclude this Court from considering his procedurally forfeited claims, however, because, as noted above, a federal court may nonetheless properly review such claims if it is convinced that the failure to consider the defaulted claims would amount to a fundamental miscarriage of justice. *E.g.*, *Dixon*, 293 F.3d at 80-81 (citation omitted). However, the Second Circuit has noted that

-13-

> the fundamental miscarriage of justice exception is "extremely rare" and should be applied only in "the extraordinary cases." *Schlup v. Delo*, 513 U.S. 298, 321-22, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*[], 523 U.S. [at] 623 . . . . "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (citing *Schlup*, 513 U.S. [at] 327-28) . . . (some internal citations and quotation marks omitted)).

*Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003); *see also D'Alessandro*, 2005 WL 3159674, at *8 (citations omitted); *Marengo v. Conway*, 342 F. Supp. 2d 222, 228 (S.D.N.Y. 2004) (quotation and other citation omitted).

In conjunction with this action, the Court has reviewed the state-court record that Respondent provided. Nothing in the record suggests that Petitioner is actually innocent of the second degree criminal contempt charge to which he pled guilty. In this regard, the Court notes that courts have properly observed that an individual who pleads guilty to a crime can rarely thereafter establish that he is actually innocent of the charge to which he pled guilty. *See Atkinson v. United States*, No. 05-CV-286, 2005 WL 3555946, *6 (N.D.N.Y. Dec. 28, 2005). Petitioner therefore cannot seek safe harbor from the dismissal of his defaulted claims under this final exception permitting habeas review of procedurally defaulted grounds.

Accordingly, even if this Court were to have subject matter jurisdiction over this action notwithstanding the fact that Petitioner was not in custody when he commenced this action, this Court would nevertheless deny, as procedurally forfeited, all of the claims he asserts in his federal habeas petition.[10]

---

[10] Even if Petitioner were not procedurally barred from obtaining federal habeas relief as to his habeas claims, this Court would nevertheless deny those grounds on the merits. In this regard, the Court finds that Petitioner has wholly failed to demonstrate that his trial counsel in the related criminal matter rendered constitutionally deficient representation. *See Strickland v.*
(continued...)

### C. Request for Evidentiary Hearing

In light of the fact that this Court could resolve the issues that Petitioner raised in this action based on the papers that the parties submitted, the Court denies Petitioner's request for an evidentiary hearing.

### D. Certificate of Appealability

Section 2253(c) of Title 28 of the United States Code provides, in relevant part, that,

> [u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .

28 U.S.C. § 2253(c)(1)(A).[11]

A court may only issue a Certificate of Appealability "if the applicant has made a

---

[10](...continued)
*Washington*, 466 U.S. 668, 688-90 (1984). Therefore, the Court would deny his first and third grounds for relief on the merits. Petitioner has similarly failed to demonstrate that the prosecutor negotiated a plea agreement that resulted in Petitioner receiving a sentence that was illegal under New York law. Nor did he establish that the prosecution's conduct in the related criminal matter "'infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quotation omitted); *see also Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Thus, the Court would deny the second ground in his amended pleading for these reasons. Finally, Petitioner has not demonstrated that the trial court's conduct in either accepting Petitioner's guilty plea or thereafter imposing the above-described sentence violated any of Petitioner's constitutional rights. This Court therefore alternatively denies the fourth and final ground in Petitioner's amended petition on the merits.

[11] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b).

substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Since Petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

### III. CONCLUSION

Having reviewed the state-court record, the documents that the parties submitted in conjunction with this action, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's amended petition is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that a Certificate of Appealability shall **not** be issued; and the Court further

**ORDERS** that the Clerk of the Court shall return any state-court records not filed herein directly to the Attorney General for the State of New York at the conclusion of these proceedings, including any appeal of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Petitioner's request for an evidentiary hearing, *see* Dkt. No. 26, is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 8, 2011
       Syracuse, New York

                                                    _____
                                                    Frederick J. Scullin, Jr.
                                                    Senior United States District Court Judge